**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BUDDY STRUCKMAN,

   Plaintiff,

v.

THE VILLAGE OF LOCKLAND
POLICE, et al.,

   Defendants.

Case No. 1:17-cv-00828
Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff, who proceeds *pro se*, tendered a complaint against three Defendants on December 8, 2017. On December 12, 2017, the undersigned granted Plaintiff leave to proceed *in forma pauperis* and directed service of the complaint against three Defendants. (Doc. 3).

Plaintiff's complaint alleges that the Village of Lockland Police, Patrolman Drew Jones, and Sergeant Patrick Sublet violated Plaintiff's civil rights, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he is a college educated resident of Cincinnati, Ohio with no prior criminal record. However, on or about April 20, 2015, he was "unlawfully arrested in relation to false and fabricated reports by the defendants" and charged with two separate drug offenses in Hamilton County Municipal Court. Plaintiff further alleges that the case took more than 800 days to complete and ultimately resulted in his acquittal on July 12, 2017. (Doc. 3 at ¶¶7-8).

The only clue as to the nature of the allegedly "false and fabricated" information is

Plaintiff's allegation that "Patrolman Drew Jones falsified residency information against the Plaintiff." (*Id.* at ¶9). Allegations against Defendant Sublet identify him as "the supervisor of Patrolman Drew Jones" and allege that in that capacity, he "signed off on false information." (*Id.* at ¶9). Plaintiff generally alleges that the criminal charges caused him stress and mental anguish, and damaged his "schooling, work, social status, finances, material, physical well being…, family relationships and faith." (*Id.* at ¶10). Without identifying whether the Defendants are sued in their individual or official capacities, he seeks damages against all Defendants in the amount of 1.2 million dollars.

On June 8, 2018, all three Defendants collectively moved for judgment on the pleadings, arguing that the complaint fails to state any claim upon which relief may be granted. (Doc. 17). When Plaintiff initially failed to file any timely response in opposition to Defendants' motion, he was ordered to "show cause" why the motion should not be construed as unopposed and granted for the reasons stated. (Doc. 20). Thereafter, Plaintiff requested additional time in which to file a response in opposition.

By Order filed August 2, 2018, the undersigned denied Plaintiff's request for an additional 90 days, through November 1, 2018, as "excessive" under the circumstances. (Doc. 23). Nevertheless, the Court granted Plaintiff's motion to extend his time for filing a response to the Defendants' motion until September 17, 2018. (*Id.*) The same Order explicitly warned Plaintiff that "absent extreme good cause shown, no further extensions of time to respond will be granted." (*Id.*)

By Order filed September 7, 2018, the undersigned denied Plaintiff's motion for the appointment of counsel, which motion had been filed by Plaintiff in July. The September

7, 2018 Order reminded Plaintiff of his previously extended deadline for responding to Defendants' motion for judgment on the pleadings. (Doc. 24). The September 7 Order also reiterated the Court's prior warning that "absent extreme good cause shown, no further extensions of time to respond will be granted." (Doc. 24).

Despite being repeatedly warned that he must file a timely response to Defendants' now long-pending motion for judgment on the pleadings, and despite being given a generous extension of time in which to file his response, Plaintiff has failed to file any opposition to the Defendants' dispositive motion. The undersigned has reviewed the motion and the arguments contained therein and agrees that all Defendants are entitled to judgment as a matter of law on all claims.

## II. Analysis

### A. Standard of Review

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.

3

1997)) (emphasis omitted). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.,* 508 F.3d at 336. To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

The Sixth Circuit has explained the pleading requirements that are necessary to survive a Rule 12(c) motion as follows:

> In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964–65 (internal citations omitted). In *Erickson v. Pardus,* …127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly,* however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombly,* 127 S. Ct. at 1964). …We read the Twombly and Erickson decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Tucker v. Middleburg–Legacy Place,* 539 F.3d 545, 549 – 550 (6th Cir. 2008) (quoting *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d at 295–96 (6th Cir. 2008) (footnote omitted); *see also generally, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### B. Defendants' Arguments

#### 1. The Village of Lockland Police is not *sui juris*

Plaintiff identifies the Village of Lockland Police as one of the three Defendants.

4

However, that entity is not capable of being sued under Ohio law. Therefore, all claims against that Defendant must be dismissed as a matter of law. *See e.g., Hale v. Vance*, 267 F. Supp.2d 725, 737 (S.D. Ohio 2003) (City of Trotwood Police Department was not sui juris and was not capable of being sued).

### 2. Plaintiff's First Claim is Time-Barred

Plaintiff's first claim is captioned "unlawful arrest, searches and confinement in custody" and is identified as arising under the Fourth and Fourteenth Amendments. Using the singular tense without identifying any specific individual or entity, Plaintiff alleges that "Defendant caused and/or permitted the violation of plaintiff's Fourth and Fourteenth Amendment rights to be free from unlawful arrest, confinement in custody, thereby entitling Plaintiff [to] damages…." (Doc. 3 at ¶15). The preceding paragraphs allege only that "Plaintiff was unlawfully arrested in relation to false and fabricated reports by the defendants." (*Id.* at ¶7).

The limitations period for the stated claim of false arrest is two years, a time period that began to run either on April 20, 2015, the date of Plaintiff's arrest, or on April 27, 2015, the date that Plaintiff was arraigned. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007); *see also Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends"). Plaintiff did not tender his complaint to this Court until December 8, 2017, more than two years after the last possible date on which his "false arrest" claim accrued. Therefore, any such claim is clearly time-barred, and the Defendants are entitled to judgment as a matter of law.

### 3. Plaintiff's Second Claim Fails to State a Plausible Basis for Relief

Plaintiff's second claim is captioned as "Violation of Due Process" and refers to the Fourteenth Amendment. Plaintiff alleges specifically that "[b]y doing the act described in paragraph 8, [unidentified, singular] Defendant caused and/or permitted the violation of Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment…." (Doc. 3 at ¶17). Paragraph 8 states in full: "The case took over 800 days to complete the trial with a final entry entered on 07/12/2017 as ACQUITTED BY COURT." (Id. at ¶8).

The bare allegations contained in the complaint suggest that this second claim is based upon an alleged speedy trial violation rather than due process. The docket of Plaintiff's underlying criminal case in state court, Hamilton County Municipal Court Case No. C/15/CRB/10112, reflects that Plaintiff filed a motion to dismiss the criminal charges against him based upon an alleged violation or Ohio R.C. § 2945.71, Ohio's Speedy Trial Act. As Defendants point out, however, the state court docket sheet also reflects that Plaintiff requested and was granted at least eighteen continuances of his criminal trial, suggesting waiver of any speedy trial claim.

Regardless of whether Plaintiff intended to bring a speedy trial or a due process claim, however, Plaintiff fails to include any allegations that would tie any of the *Defendants*' conduct to the length of time that the criminal case remained pending in the Hamilton County Municipal Court. Instead, Plaintiff's minimal allegations against the Defendants pertain to actions that they allegedly took in causing his arrest, prior to Plaintiff's arraignment. Because Plaintiff fails to allege any specific bad-faith governmental behavior related to the timing of his criminal proceedings by any Defendant,

6

Plaintiff has failed to state any plausible due process claim.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion for judgment on the pleadings (Doc. 17) be **GRANTED**, that Plaintiff's claims against the Defendants be dismissed with prejudice for failure to state any claim, and that this case be closed.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BUDDY STRUCKMAN,

    Plaintiff,

v.

THE VILLAGE OF LOCKLAND POLICE, et al.,

    Defendants.

Case No. 1:17-cv-00828
Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).